RUTH ELIN AUERBACH, SBN 104191
Attorney at Law
236 West Portal Ave., #185
San Francisco, CA 94127
Tel: (415) 722-5596
Fax: (415) 349-4555
Ruth.auerbach.esq@gmail.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: ) Case No.: 22-30566 DM
)
MARTIN SCHAINBAUM, ) CHAPTER 13
)
      Debtor. ) **MOTION FOR HARDSHIP**
) **DISCHARGE**
) **11 USC Sec. 1328(b)**
)
)
) Date: February 19, 2025
) Time: 11:10 A.M.
) Hon. Dennis Montali
) Via Teleconference/Videoconference
)
)
)
)

MARTIN SCHAINBAUM, the Debtor herein, hereby moves this court for an Order

for the Entry of the Debtor's Discharge pursuant to 11 U.S.C. Sec. 1328(b) based on the

following:

1. At the time this case was filed, the Debtor was the owner of real property at 12

    Red Cedar Court, San Rafael, CA, which was the Debtor's residence.

Case: 22-30566    Doc# 82    Filed: 01/29/25    Entered: 01/29/25 20:56:51    Page 1 of 5
MOTION FOR HARDSHIP DISCHARGE                                                    - 1

2. In order to pay the creditors the Debtor provided in his plan for payment of $100 for month 1 and $166/month for 59 months. The Plan also provided that the Debtor would sell his residence to pay the secured creditors, and the administrative expenses of this Chapter 13 case. The payment provided for no payment to general unsecured creditors.

3. During the course of the Chapter 13 case, the Debtor did sell his residence for $1,555,000, a price less than the $1,709,500 value set forth in the Schedules filed in the case.

4. In order to pay the secured creditors, priority claims and administrative expenses of the Chapter 13, the Debtor agreed to take less than the full homestead exemption to which he would have otherwise been entitled.

5. All creditors provided for payment in my Chapter 13 plan were paid, as were the administrative expenses and the Debtor received from the proceeds of sale, the sum of $523,000. After payment of moving expenses, and other obligations, the Debtor received approximately $350,000.

6. The Debtor has tax obligations as a result of the sale. For 2023, he owes the IRS $65,653.00 and the Franchise Tax Board $33,103, plus interest and penalties as to the actual tax obligations.

7. The Debtor is almost 87 years old and is pretty much retired from the practice of law. His only regular income is his social security income of $3,149.40 per month. The Debtor occasionally receives contract work from other attorneys for specific projects, but it does not provide sufficient income for him to pay his regular monthly expenses. These projects yield an average of about $1,000 - $2,000 per month.

8. The Debtor's monthly expenses are as follows:

| Rent | $4.100.00 |
|---|---|
| Utilities | 300.00 |
| Phone | 200.00 |
| Food and housekeeping supplies | 1,000.00 |
| Medical and Dental Expenses | 600.00 |

| | |
|---|---:|
| Transportation | 300.00 |
| Legal Assistant | 1,000.00 |
| Insurance: | |
| Life | 160.00 |
| Medical | 520.00 |
| Vehicle | 100.00 |
| | $7,280.00 |

9. The Debtor has been hospitalized several times in the past year, and his ability to work is diminishing.

10. The Debtor therefore needs the proceeds of sale of his property to pay for his living expenses over the amount he receives from Social Security.

11. Based on the foregoing, the Debtor is entitled to receive a hardship discharge pursuant to 11 U.S.C. Sec. 1328(b).

WHEREFORE, the Debtor respectfully requests entry of his discharge and for such other relief as the Court deems proper.

Dated: January 28, 2025      LAW OFFICE OF RUTH AUERBACH

By:____//s/Ruth Elin Auerbach_____,
RUTH ELIN AUERBACH,
Attorney for Debtor,
MARTIN SCHAINBAUM

## MEMORANDUM OF POINTS & AUTHORITIES

Under Section 1328(b), the Court may grant a discharge to a debtor who has not completed all plan payments, only if –

(1) The debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) The value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the

Case: 22-30566   Doc# 82   Filed: 01/29/25   Entered: 01/29/25 20:56:51   Page 3 of 5

MOTION FOR HARDSHIP DISCHARGE      - 3

amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7 of this title on such date; and

(3) Modification of the plan under Section 1329 of this title is not practicable.

11 U.S.C. §1328(b).  ***In re Schleppi***, 103 B.R. 901 (Bkrtcy S.D. Ohio 1989).

As to the first prong, the debtor has suffered several health incidents and has been hospitalized and unable to work.  He will be 87 years old at the end of January, and his ability to work has been compromised.  His only regular source of income is social security which totals approximately $3,000 per month.  Mr. Schainbaum occasionally does contract work for other attorneys but does not average more than $1,000 to $2,000 per month.  His current expenses, as set forth in his Declaration filed and served herewith, total $7,280, which means that he is dipping into the proceeds he received from the sale of his house to pay the rest of his expenses.

In order to close the sale, and pay off the creditors provided for in his Chapter 13 plan, plus the administrative expense claims of this Chapter 13 case, the debtor agreed to take a reduction in his homestead exemption to which he would have been entitled.

Had the property been sold by a Chapter 7 Trustee for the value estimated on the Debtor's Schedules, there would not have been sufficient funds to pay even the priority creditors, let alone any administrative expenses or unsecured claims, per the following:

| | |
|---|---:|
| Value of Property | 1,709,500 |
| Less est. costs of sale (at 8%) | -136,760 |
| Subtotal | 1,572,740 |
| Less Secured Claims | -1,028,720 |
| Net Proceeds | 544,020 |
| Less Homestead Exemption | -626,400 |
| Shortfall | -82,380 |

Case: 22-30566   Doc# 82   Filed: 01/29/25   Entered: 01/29/25 20:56:51   Page 4 of 5

MOTION FOR HARDSHIP DISCHARGE                                             - 4

Thus the second prong of Section 1328(b) has been met.

Modification of the Plan is also not practicable.  The only modification would be to shorten the payout period for the Plan based on the Debtor's reduced income.  The Debtor would then have to make payments for another year.  His income is insufficient to make payments for another year, and the result would still be that unsecured creditors would not receive anything as the administrative expense costs for the modification would eat up the twelve months of payments.

Based on the foregoing, the Debtor is entitled to a hardship discharge under Section 1328(b).

Respectfully submitted,

LAW OFFICE OF RUTH AUERBACH


By: /s/Ruth Elin Auerbach                ,
RUTH ELIN AUERBACH
Attorney for Debtor

MOTION FOR HARDSHIP DISCHARGE                                                    - 5